PAUL ERICKSON *vs.* CIVIL SERVICE COMMISSION & others.[1] No. 97-P-1397. January 21, 1999. *Police,* Authority of police chief. *Municipal Corporations,* Police, Selectmen, Regulations, Property.

In April, 1992, the selectmen of East Longmeadow (selectmen) directed the chief of police (chief) of the town, who was appointed pursuant to G. L. c. 41, § 97, the so-called "weak chief" statute, to deploy new cruisers to patrol officers. The chief had previously promulgated a vehicle maintenance policy which provided that the newest vehicle would be assigned to himself. Each side claimed vehicle longevity as the basis for its position, with the selectmen also advancing the issue of officer safety. When a new cruiser was delivered to the police department in July, 1992, the chief assigned the vehicle to himself. Following discussions, both sides held firm. The selectmen imposed a one-day suspension on the chief, without pay, for failure to obey a lawful order. The chief appealed to the Civil Service Commission (commission),

---

[1]The Board of Selectmen of East Longmeadow.

which upheld the suspension. He then appealed to the Superior Court, where a judge annulled the decision and remanded with an order to vacate the suspension. The selectmen appeal from the judgment of the Superior Court.

General Laws c. 41, § 97, provides, in relevant part, as follows: "The selectmen may make suitable regulations governing the police department and the officers thereof. The chief of police shall be in immediate control of all town property used by the department, and of the police officers, who shall obey his orders." In *Chief of Police of Westford* v. *Westford*, 365 Mass. 526 (1974), the court recognized that general control of the police department in towns accepting the provisions of G. L. c. 41, § 97, rests with the selectmen. In that case, the court upheld the authority of the selectmen to set the scheduling and assignments of police officers through the process of collective bargaining, provided such regulation "maintain[s] some minimum level of generality . . . [to avoid] . . . conflict with the statute's reservation of 'immediate control' to the chief of police." *Id.* at 531-532. The statute makes no distinction between the property and the personnel of a police department in its allocation of authority between the selectmen and the chief, but expressly treats them similarly. We see no basis, therefore, to view the authority of the selectmen under § 97 to regulate the use of department property differently from their authority to regulate the officers.

The selectmen's directive as to the deployment of new cruisers is sufficiently general as to fall within their policy making authority, leaving the day-to-day management of the department to the chief. The judgment of the Superior Court is reversed. A new judgment is to enter affirming the decision of the commission.

*So ordered.*

*Wendy H. Sibbison* for Board of Selectmen of East Longmeadow.
*Austin M. Joyce* for the plaintiff.